WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ensenda, Inc., | ) No. CV 06-2705–PHX-JAT |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Diamondback Delivery Corporation, | ) |
| Defendant. | ) |

The complaint in this case alleges jurisdiction based on diversity. In this case, both plaintiff and defendant are corporations. A corporation is a citizen of every state in which it is incorporated <u>and</u> the state where it has its principal place of business. *Industrial Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing 28 U.S.C. § 1332(c)). In the Ninth Circuit, a corporation's principal place of business is defined as the location where a majority of the corporation's business activity takes place. *Id.* at 1094. If there is not a state where a substantial portion of the corporation's business activity occurs, then the corporation is a resident of the state where the corporations executive and administrative functions are performed. *Id.* The burden of proving the facts supporting jurisdiction is on the party asserting jurisdiction. *Id*. at 1092 (citations omitted).

The complaint in this case does not allege a principal place of business for either plaintiff or defendant. Federal courts may raise the issue of jurisdiction sua sponte. *Galvez*

1    *v. Kuhn*, 933 F.2d 773, 775 n.4 (9th Cir. 1991). Because the Court cannot determine whether diversity exists, the Court will require Plaintiff to file an amended complaint.

      Next, Plaintiff alleges, without more, that "The amount in controversy exceeds the minimum jurisdictional threshold of the Court." Complaint at 1. "Generally, the amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000). In this case, Plaintiff has failed to allege any facts to support an amount in controversy. Therefore, the Court will require Plaintiff to amend the complaint for this additional reason.

      Based on the forgoing,

**IT IS ORDERED** that by noon, November 21, 2006, Plaintiff shall file an amended complaint which cures the jurisdictional defects of the pending complaint, or this case will be dismissed for lack of federal subject matter jurisdiction.

**IT IS FURTHER ORDERED** that, earlier today the Court ordered Plaintiff to prepare an inventory of the cargo at issue in the motion for temporary restraining order, this inventory shall also include an approximated value of each item for purposes of determining the amount of the bond to be posted. *See* Fed. R. Civ. Pro. 65(c).

DATED this 20th day of November, 2006.

                                                    James A. Teilborg
                                                    United States District Judge